ROBERT YAMACHIKA, OSB 065560
Senior Deputy City Attorney
Rob.Yamachika@portlandoregon.gov
J. SCOTT MOEDE, OSB 934816
Chief Deputy City Attorney
Scott.Moede@portlandoregon.gov
RYAN BAILEY, OSB 130788
Deputy City Attorney
Ryan.Bailey@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Avenue, Room 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland,
Roger Walsh and Bradley Clark*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **DON PERKINS,** | 3:18-cv-00896 JR |
| **PLAINTIFF,** | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| **CITY OF PORTLAND, OFC. ROGER WALSH, OFC. BRADLEY CLARK,** | |
| **DEFENDANTS.** | |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony ("Protected Documents" or "Protected Information").  This action concerns the officer involved shooting of plaintiff, Don Perkins, by Portland police

Page  1  –   STIPULATED PROTECTIVE ORDER

officers Roger Walsh and Bradley Clark on February 9, 2017 by Powell Park at SE 26th Ave. and Powell Blvd., in Portland, Oregon ("the shooting") The parties expect to exchange documents and information relating to Officers Roger Walsh and Bradley Clark, the shooting and the subsequent investigations related to the shooting, and Don Perkins.  The Parties believe that unrestricted dissemination of these Protected Documents or Protected Information harms the privacy interests of the litigants, chills the participation of witnesses to the investigatory process, potentially jeopardizes officers' safety and impedes effective law enforcement operations, and finally, may affect the ability of the parties to have a fair trial within the Portland Division of the Court.  The parties agree the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against unrestricted disclosure or dissemination of these Protected Documents or Protected Information.  These Protected Documents or Protected Information initially include the following categories of materials listed below.  However, in accordance with the process set forth in paragraph 10 of this Protective Order, all parties reserve the right to challenge the "Confidential" designation of any document or information contained in the categories listed below.  Likewise, the parties agree they may designate subsequent documents or information as "Confidential," in accordance with the terms of this Protective Order, and likewise, the parties agree they may challenge that subsequent "Confidential" designation in accordance with the process set forth in paragraph 10 of this Protective Order.  Further, the parties agree the Protective Order does not apply to documents or information already in the public record.  The Protected Documents or Protected Information initially include the following:

- a) Documents from the City's Police Bureau's Internal Affairs Division ("IAD") relating to the shooting or Officers Roger Walsh and Bradley Clark;
- b) Documents from the City Auditor's Independent Police Review Division ("IPR") relating to the shooting or Officers Roger Walsh and Bradley Clark;

c)   Photographs and video related to any investigation of the shooting;

d)   Documents from the Office of the State Medical Examiner/Multnomah County;

e)   Documents from the Department of State Police's forensic laboratory;

f)   Training records maintained by the Portland Police Bureau Training Division relating to any Officer;

g)   Training materials maintained by the Portland Police Bureau Training Division;

h)   Reports and/or documents referencing medical and/or other personal confidential information of non-parties; and

i)   Medical records, counseling records, educational transcripts, court records, and any additional records relating to Don Perkins, or any party, that are not a matter of public record.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1.   All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding.

2.   Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case, *Don Perkins v. City of Portland, et al*, USDC No. 3:18-cv-00896 JR, and shall not be used by any party for any business, commercial, or competitive purpose.  This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.  The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

4.  If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.  Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be

Page 4 –   STIPULATED PROTECTIVE ORDER

filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6.  "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.  Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a.  Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b.  In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c.  Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d.  Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

e.  The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f.  The authors and the original recipients of the documents.

g.  Any court reporter or videographer reporting a deposition.

h.  Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8.  Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9.  Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 8, as appropriate, for that portion of the deposition, hearing or pre- trial proceeding.

10. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the

Page  6  –    STIPULATED PROTECTIVE ORDER

motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12. Designation by either party of information or documents as "Confidential," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

13. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and

Page  7  –   STIPULATED PROTECTIVE ORDER

documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request.

14. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

15. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

16. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

_____  
Thomas C. Patton, OSB No. 963889  
Gregory R. Kraus, OSB No. 965640  
*Of Attorneys for Plaintiff*

_____  
Robert Yamachika, OSB No. 065560  
J. Scott Moede, OSB No. 934816  
Ryan Bailey, OSB No. 130788  
*Of Attorneys for Defendants*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: _____        _____  
                              Honorable Jolie A. Russo

PORTLAND CITY ATTORNEY'S OFFICE  
1221 SW 4TH AVENUE, RM 430  
PORTLAND, OREGON 97204  
(503) 823-4047

EXHIBIT A

I, _____, have been advised by counsel of record for _____ in _____ of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date

Page 9 –    STIPULATED PROTECTIVE ORDER