Gregory R. Kraus, OSB No. 965640
Email: GregKrausLaw@gmail.com
333 South State Street, V19
Lake Oswego, OR 97034
Telephone: (503) 989-1256
Facsimile: (503) 636-8512

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DON PERKINS, | ) |
|     Plaintiff, | ) Case No. 3:18-cv-00896-JR |
| vs. | ) PLAINTIFF'S SECOND AMENDED<br>) COMPLAINT AND<br>) DEMAND FOR JURY TRIAL |
| CITY OF PORTLAND, OFC. ROGER<br>WALSH, OFC. BRADLEY CLARK, | ) Civil Action for Liability, Negligence,<br>) Unlawful Use of Force, Civil Rights |
|     Defendants. | ) Violations<br>)<br>) (NOT SUBJECT TO MANDATORY<br>) ARBITRATION – Claim for $1,308,719)<br>)<br>) Filing Fee Deferral<br>) (ORS 21.682) |

COMES NOW Plaintiff, by and through his undersigned attorneys, for cause of action against defendants alleges as follows:

## I. INTRODUCTION

1. This cause of action arises from violations of Plaintiff's civil rights, to be free from the use of excessive force, including deadly force, by City of Portland law enforcement officers.

1 – PLAINTIFF'S SECOND AMENDED COMPLAINT

Greg Kraus
333 South State Street, V19
Lake Oswego, OR 97034
(503) 989-1256

On February 9, 2017, Don Perkins was suffering from a mental health crisis and called 911 to report that he was feeling suicidal. Portland Police Bureau (PPB) Officers responded to the call and verbally engaged Don Perkins and shouted orders at him, drew their weapons, and shot him in the abdomen and his raised right arm.

2. The unconstitutional policies and practices of the PPB have resulted in numerous police shootings of people experiencing a mental health crisis, such as Mr. Perkins. The patterns and practices of engaging citizens in a mental health crisis with escalating shouting, violence, and shooting has occurred at least since 2006, and has resulted in the injury or death of at least 23 people, 12 of which occurred in the last five years.[1]

3. As a result of the pattern and practice of PPB Officers' civil rights violations against people in mental health crises and others, the US Department of Justice (DOJ) filed suit against the City of Portland in 2012. The lawsuit alleged a pattern and practice of improper use of force, and excessive use of force against the mentally ill. DOJ's investigation that prompted the suit found that:

> "Encounters between PPB Officers and persons with mental illness too frequently result in a use of force when force is unnecessary or appropriate, up to and including deadly force. We found instances that support a pattern of dangerous uses of force against persons that posed little or no threat and who could not, as a result of their mental illness, comply with the officers' commands. We also found that PPB employs practices that escalate the use of force where there were clear earlier junctures when the force could have been avoided or minimized."[2]

4. The lawsuit resulted in a settlement agreement that required changes to PPB policies and training to improve PPB interactions with people suffering mental health crises and others.

---

[1] James Chasse, 2006; Aaron Campbell, 2010; Jack Collins, 2010; Keaton Otis, 2010; Darryel Ferguson, 20120; Thomas Higginbotham, 2011; William Monroe, 2011; Bradley Morgan, 2012; Billy Simms, 2012; Merle Hatch, 2013; Santiago Cisneros III, 2012; Kelly Swoboda, 2014; Nick Davis, 2014; Christopher Healy, 2015; Michael Harrison, 2015; Allen Belew, 2015; David James Ellis, 2015;Michael Johnson, 2015; Steven Liffel, 2016; Quanice Hayes, 2017; Terrell Johnson, 2017; Chase Peeples, 2017; and Sarah Michelle Brown, 2018.
[2] DOJ Investigation of PPB, Findings, pp. 2-3.

2 - PLAINTIFF'S SECOND AMENDED COMPLAINT

Greg Kraus
333 South State Street, V19
Lake Oswego, OR 97034
(503) 989-1256

Attempts to implement those changes, however, have not changed PPB's pattern and practice of escalating situations in which people suffering from mental health crises are encountered, resulting in the excessive use of force against those citizens. The shooting of Mr. Perkins is the result of PPB's ongoing pattern and practice of using excessive against people suffering a mental health crisis.

## II. PARTIES

5. Plaintiff is a private citizen, and at all material times was a resident of Portland, Oregon. Defendant City of Portland (Portland) is an incorporated city in Oregon under ORS 221.020 that operates the Portland Police Bureau (PPB), which in turn, hires trains, and supervises police officers, including defendants PPB Officers Roger Walsh and Bradley Clark. At all material times, Portland and the PPB exercised supervisory authority over Officers Walsh and Clark and was responsible for hiring and training them. At all material times, Officers Walsh and Clark were operating under the color of law as police officers.

## III. FACTS

6. On or about February 9, 2017, PPB Officers Walsh and Clark responded to call at Powell Park at SE 26th Avenue and Powell Boulevard involving a potentially suicidal individual. The officers encountered the potentially suicidal Don Perkins upon arrival at that location. The officers verbally engaged Don Perkins, who was standing next to his van, a vehicle that he lives in. Officers Walsh and Clark shouted at the mentally unstable Mr. Perkins, escalating the intensity of the situation. Officers Walsh and Clark then drew their weapons while screaming at Mr. Perkins and shot him. Two bullets struck Mr. Perkins: one in the abdomen, and one in his raised right arm. Mr. Perkins fell to the pavement after being shot, striking his head on the pavement and suffering a head injury. The Officers then held Mr. Perkins at gunpoint while he

laid on the ground suffering from his gunshot wounds and head injury. The Officers then placed Mr. Perkins in handcuffs.

7. As a direct result of Defendants' negligence and violations of his rights, plaintiff suffered two gunshot wounds, requiring multiple surgeries, ongoing right arm neuropathy including both pain and numbness, permanent injury to his lungs with breathing impediments, and post-traumatic stress disorder.

## IV. CAUSES OF ACTION

### A. Violations of Civil Rights Under 42 USC 1983 – Fourth Amendment – Unlawful Seizure and Excessive Force (Against Defendants Walsh and Clark)

8. Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint as if set forth in full.

9. At all material times, defendants were acting under color of law.

10. The U.S. Constitution protects Plaintiff against unreasonable seizures and excessive force. By arresting and detaining Plaintiff, defendants violated Plaintiff's Fourth Amendment rights to be free from unreasonable seizure.

11. By engaging in the acts described herein, defendants, acting under color of law and with deliberate indifference, violated the Plaintiffs' rights under the U.S. Constitution to be free from unreasonable seizures and excessive force. Plaintiff's rights to be free from unreasonable seizures as described above was clearly established in law at the time of the incidents alleged.

### B. Violations of Civil Rights Under 42 U.S.C. § 1983 – Fourth Amendment – Failing to Adequately Train and/or Supervise (Against Defendant Portland)

12. Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint as if set forth in full.

/////

13. At all material times, Defendants were acting under color of law. Plaintiff, like all United States citizens, has a constitutional right to be free from Defendant Portland's unconstitutional supervisory action or inaction under the Fourth Amendment to the United States Constitution. Defendant Portland was deliberately indifferent to Plaintiff's civil rights by failing to adequately train, monitor, or supervise Defendants Walsh and Clark. Defendant Portland exhibited a deliberate indifference to the rights of Plaintiff by failing to promulgate a policy, procedure, or practice to properly train Defendant's officers and to thus prevent the tortious and unconscionable mistreatment of Plaintiff. Defendant Portland failed to effectively implement changes mandated by the settlement agreement with US DOJ to PPB policies and training to improve PPB interactions with people suffering mental health crises and others. PPB's continued pattern and practice of escalating situations in which people suffering from mental health crises are encountered, resulted in the excessive use of force against those citizens, including Mr. Perkins.

**C. Oregon Common Law – Negligence (Against All Defendants)**

14. Plaintiff re-alleges and incorporates herein the preceding paragraphs of this Complaint as if set forth in full.

15. Defendants have a duty to exercise reasonable care to avoid harming all foreseeable Plaintiffs. Defendant Portland has a duty to exercise reasonable care in the training and supervision of their employees and agents, including Defendants Walsh and Clark.

16. Defendants Walsh and Clark breached their duties by failing to de-escalate their confrontation with Plaintiff, who was suffering a mental health crisis, and instead subjecting him to an unreasonable assault with a firearm, arrest, and detention. Defendants' act of shooting, arresting, and detaining Plaintiff breached the standard of care.

17. Defendant Portland negligently retained Officer Clark when it knew that he had unjustly shot and nearly killed Marcus Lagozzino during his mental health crisis in 2010. When all other officers used either a Taser or bean bag rounds, Officer Clark fired 4 rounds from his AR-15 assault rifle, striking Lagozzino with three rounds, during an encounter that lasted just 56 seconds. Defendant Portland's failure to properly and adequately train Officers Walsh and Clark in proper techniques for de-escalating interactions with people experiencing mental health crises was unreasonable and breached the standard of care.

18. As a result of the above, Perkins is entitled to an award of economic and non-economic damages against Defendants in amounts to be determined by a jury at trial. Perkins is entitled to full compensation for his damages from Defendants regardless of limitations set forth in ORS 30.272.

**D. Battery (State Law claim Against All Defendants)**

19. Plaintiff re-alleges and incorporates herein the preceding paragraphs of the Complaint as set forth in full.

20. Defendants Walsh and Clark intentionally engaged in harmful or offensive contact with Perkins, and were acting in the course and scope of their employment when they shot Perkins.

21. Defendant, City of Portland, is responsible for the tortious conduct of their agents and employees, which caused the injuries to Perkins.

22. As a result of this battery, Perkins has suffered significant mental, emotional and physical damages, as well as special damages.

23. As a result of the above, Perkins is entitled to an award of economic and non-economic damages against Defendants in amounts to be determined by a jury at trial. Perkins is

Greg Kraus
333 South State Street, V19
Lake Oswego, OR 97034
(503) 989-1256

entitled to full compensation for his damages from Defendants regardless of limitations set forth in ORS 30.272.

24. Perkins should be awarded his costs, including expert fees, against Defendants.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

    a.    $950,000 in non-economic damages;

    b.    $313,719 in economic damages in the form of past medical expenses,

    c.    $45,000 in economic damages in the form of future medical expenses,

    d.    Plaintiffs attorney fees under 42 USC 1983, and

    e.    Plaintiff's costs and disbursements incurred herein.

25. Plaintiff seeks compensatory, punitive, and all other forms of damages available under 42 USC 1983 for violations of his civil rights.

26. Plaintiff seeks reasonable costs and attorney fees incurred in prosecuting this matter.

27. Plaintiff seeks declaratory relief and requests a ruling declaring that the policies, procedures, or practices that resulting in the abuse and mistreatment of Plaintiff and others similarly situated constituted tortious and unconstitutional acts, depriving Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

28. Plaintiff prays for such other equitable or legal relief as the Court deems just.

### VI. RESERVATION OF RIGHTS

Plaintiff reserves the right to assert additional claims as may be appropriate following further investigation and discovery.

DATED this 14th day of February, 2019.

_____
Gregory R. Kraus, OSB No. 965640
E-mail: gregkrauslaw@gmail.com

Plaintiff requests trial by jury.

_____
Greg Kraus, OSB No. 965640
Trial Attorney for Plaintiff

8 – PLAINTIFF'S SECOND AMENDED COMPLAINT

**Greg Kraus**
333 South State Street, V19
Lake Oswego, OR 97034
(503) 989-1256